IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARI MURPHY,<br><br>        Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC and HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI,<br><br>        Defendants. | Case No. 3:25-CV-379-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

      This matter is before the Court on Plaintiff Shari Murphy's Motion to Remand to State Court. (Doc. 11). Murphy initiated this action in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, on October 20, 2023. (Doc. 1-1, at 2–9). On March 21, 2025, Defendant Higher Education Loan Authority of the State of Missouri (MOHELA) removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b), 1446(b)(3). (Doc. 1). A week later, Murphy moved to remand this matter to state court. For the reasons set forth below, this Court grants Murphy's motion.[1]

### BACKGROUND

      This action arises from a dispute over student loans. From 2000 through 2003,

---

[1] On March 28, 2025, Defendant Navient Solutions, LLC, filed a motion to dismiss for failure to state a claim. (Doc. 8). Because this case will be remanded to state court, Navient's motion to dismiss is denied as moot.

Page 1 of 10

Murphy alleges that she borrowed money from the United States Department of Education to pay for her law school degree. (Doc. 1-1, at 140). After graduating, she began to make payments on her loans. *Id.* Murphy alleges that over the next twenty years, she paid $82,345 to various loan servicers, including Defendant Navient Solutions, LLC. *Id.* After pausing her payments from 2021 to 2023, Murphy inquired by telephone with Navient about the status of her loans. *Id.* She alleges they informed her that her monthly payment was to increase by over $200 per month. *Id.* Murphy claims that Navient could not tell her the reason for this increase. *Id.* In fact, according to Murphy, Navient either could not or would not tell her how long it would take for her loans to be repaid, the interest rate on her loans, or even the loans' remaining balance. *Id.* at 140–41.

Perhaps frustrated by the lack of assistance, Murphy requested copies of certain documents associated with her loans: promissory notes, loan applications, consolidation applications, her payment history, and an amortization table for the remaining balance of her loans. *Id.* In response, Murphy alleges Navient sent her two letters. *Id.* at 141. One letter stated that Navient does not provide amortization tables and instructed her to refer to her original loan documents for the answers to her questions—documents she does not have. *Id.* The other letter similarly failed to provide her with the requested documentation. *Id.*

As a result of these difficulties, Murphy filed her initial complaint in state court against Navient on October 20, 2023. *Id.* at 2–9. It included copies of both letters from Navient, *id.* at 7–9, and sought a declaratory judgment under Illinois law that (1) she did not owe Navient any money, (2) she was not in a legal relationship with Navient, and

(3) that she had no contractual or financial obligation to Navient, *id.* at 5. On December 4, 2023, Navient filed its answer. *Id.* at 22–30.

After almost a year of discovery, *see id.* at 34–58, Murphy received a letter from Defendant MOHELA on October 19, 2024, *id.* at 61, 68–70. The letter informed Murphy that the servicing of two of her loans had been transferred from Navient to MOHELA. *Id.* at 68–70. It also provided her with a table of the remaining unpaid principal and interest she owed on those two loans, totaling $81,116.87. *See id.* at 70. In response, Murphy filed her first amended complaint on December 20, 2024, attaching the October 19 letter and adding MOHELA as a defendant. *Id.* at 59–70. She sought essentially the same remedy: a declaratory judgment that she had no obligation to pay any money to Navient or MOHELA.

MOHELA received a copy of the first amended complaint on January 15, 2025, (Doc. 1, ¶ 1), but on February 11, 2025, Murphy moved for leave to amend her complaint again (Doc. 1-1, at 137–146). The state court granted her motion on February 21, 2025. (Doc. 1-1, at 150). Then, on March 21, 2025, MOHELA filed its notice of removal, thereby removing the case to this Court. (Doc. 1). Navient provided its consent to this removal in the same filing. *Id.* at 5. Murphy filed a motion seeking remand and an award of costs and fees under 28 U.S.C. § 1447. (Doc. 11). MOHELA filed a response in opposition (Doc. 16), to which Murphy filed a timely reply (Doc. 17).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States

have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012).

"Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

Pursuant to 28 U.S.C. § 1332(a)(1), this Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). The statute further states that "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Under 28 U.S.C. § 1446, which governs the procedures for removal, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 1446 provides further that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "[W]hen an action is 'commenced' for purposes of the removal statutes is determined by the law of the state where a removed action originally was filed. *Loellke v. Moore*, No. 12-2-GPM, 2012 WL 253373, at *1 (S.D. Ill. Jan. 26, 2012) (citing *Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 750–51 (7th Cir. 2005)). Under Illinois law, an action "shall be commenced by the filing of a complaint." 735 ILCS 5/2-201.

### DISCUSSION

I.   **Remand**

Murphy argues this matter should be remanded because MOHELA's removal of this case was untimely.[2]  (Doc. 11). Because she initiated her lawsuit on October 20, 2023,

---

[2] Murphy also argues that the case should be remanded for lack of subject matter jurisdiction, as MOHELA is not a citizen of Missouri but instead an arm of the state of Missouri itself. (Doc. 11, at 2–3). There is no diversity jurisdiction over suits in which a state is a party. *E.g., Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 575 n.5 (7th Cir. 1982). It is true that MOHELA has for some purposes been considered an arm of the state of Missouri. *See, e.g., Biden v. Nebraska*, 600 U.S. 477, 489–94 (2023) (determining that MOHELA is an arm of the state for the purposes of Article III standing, such that the state of Missouri had standing to sue for an injury suffered by MOHELA). However, whether this is true for all purposes appears to be an unsettled question. *Compare, e.g., Mermigas v. Higher Education Loan Authority*, No. 24-cv-11505, 2025 WL

she contends, MOHELA's removal on March 21, 2025, runs afoul of the one-year deadline in diversity cases. (Doc. 11, at 3–4; Doc. 17, at 1–2).

MOHELA, on the other hand, insists that its removal was timely because the one-year deadline runs from when the action "commences." (Doc. 16, at 3–9). Under Illinois law, it argues, this action only "commenced" as to MOHELA when Murphy amended her complaint to include it as a defendant. *Id.* Thus, the deadline in 28 U.S.C. § 1446(c) would run one year from January 15, 2025—the date MOHELA was served with the first amended complaint.

This Court need not reach the question of whether this action "commenced" with respect to MOHELA when the complaint was initially filed or when MOHELA was served with Murphy's first amended complaint. This is because MOHELA's notice of removal was untimely under 28 U.S.C. § 1446(b)(3) regardless of when the action commenced.[3]

The general removal statute provides two different 30-day deadlines for removal. *See* 28 U.S.C. § 1446(b). The first applies where the case is removable based only on the

---

2576745, at *2–3 (N.D. Ill. Sept. 4, 2025) (determining that MOHELA, being a government corporation, was a "body politic" and not a "person" for the purposes of an Illinois statute), *with Good v. Dep't of Educ.*, 121 F.4th 772, 822 (10th Cir. 2024) (determining that MOHELA is not an arm of the state for Eleventh Amendment sovereign immunity purposes), *petition for cert. filed*, No. 24-992, 2025 WL 863236 (Mar. 12, 2025). Because remand is warranted on procedural grounds, the Court declines to resolve the question and assumes, without deciding, that MOHELA is a citizen of Missouri for the purposes of the analysis below.

[3] MOHELA claims that Murphy "concedes that MOHELA's removal is timely under Section 1446(b)(3) because it was filed within 30 days of when the Court granted [her] motion for leave to file [her second amended complaint]." (Doc. 16, at 3 n.2). Based on the Court's review of Murphy's filings, this claim—made without citation to the alleged concession—does not appear to be accurate. Murphy contends that the removal was untimely. Though her arguments focus primarily on the one-year limitation in § 1446(c), she has neither conceded nor waived other issues of timeliness. *Cf. Cox v. Hi-Cube Express, Ltd.*, No. 03-cv-1248, 2003 WL 23219936, at *1 (S.D. Ind. Dec. 31, 2003) (explaining that, though "procedural defects in removal . . . are waived if the plaintiff does not file a timely motion to remand," a motion to remand raising solely jurisdictional issues was sufficient for the district court to reach the procedural issue of timeliness).

initial pleading. *See id.* § 1446(b)(1). In that case, a defendant has 30 days from the receipt of the initial pleading or summons to file their notice of removal. *Id.* The second applies where the case is *not* removable by the initial pleading. *Id.* § 1446(b)(3). In such cases, the 30-day deadline begins to run when "the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

Here, the second rule applies because Murphy's original complaint did not unambiguously reveal that the amount-in-controversy predicate for removal was present. Though Murphy and Navient (the only parties to the original complaint) are citizens of different states (Doc. 1, ¶ 9), Murphy's original complaint asked only for a declaratory judgment that she did not owe Navient any money—without specifying how much money was at issue. (Doc. 1-1, at 5). She even alleged that Navient had been unable to tell her the balance of her outstanding loan. *Id.* at 4. In other words, the amount in controversy was unascertainable when the complaint was initially filed. As a result, the complaint would only become removable (and the 30-day deadline would only begin) when MOHELA "receive[d] a post-complaint pleading or other paper that affirmatively and unambiguously specifie[d] a damages amount sufficient to satisfy the federal jurisdictional minimums." *Walker*, 727 F.3d at 825.

MOHELA contends this happened on February 21, 2025, when Murphy filed her second amended complaint and added two new claims for compensatory damages in excess of $80,000. (Doc. 1, ¶¶ 3–5; Doc. 16, at 3–4, 9). Under MOHELA's interpretation, the 30-day deadline expired on March 23, 2025—two days before its notice of removal.

But MOHELA is wrong. The first pleading or other paper affirmatively and unambiguously specifying the amount in controversy was Murphy's first amended complaint, not her second. The first amended complaint—again, seeking only a declaration that Murphy did not owe Defendants any money—attached and incorporated by reference the letter from MOHELA dated October 19, 2024. (Doc. 1-1, at 61, 68–70). This letter explained that service of Murphy's loans had been transferred to MOHELA from Navient and included a table of the individual loans that were "now with MOHELA." *Id.* at 68, 70. The table showed that Murphy had two loans with MOHELA and listed the amounts of unpaid principal and unpaid interest on each loan. *Id.* at 70. The total of these unpaid amounts—the obligations Murphy was asking the Court to declare she did not have—was $81,116.87. *See id.*

MOHELA's receipt of the first amended complaint therefore triggered the 30-day deadline to file its notice of removal. The pleading on its face challenged a claimed obligation of over $75,000, thus affirmatively and unambiguously revealing an amount in controversy sufficient to satisfy the federal jurisdictional minimum. *See Progressive N. Ins. Co. v. North*, 699 F. Supp. 3d 696, 699 (S.D. Ill. 2023) ("In a declaratory judgment action, 'the amount in controversy is measured by the value of the object of the litigation.'" (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977))).

MOHELA received Murphy's first amended complaint on January 15, 2025. (Doc. 1, ¶ 1). MOHELA did not file its notice of removal until March 21, 2025—65 days later. Because this fell well outside of the 30-day deadline in 28 U.S.C. § 1446(b)(3), MOHELA's notice of removal was untimely. This case will therefore be remanded to the

Circuit Court for the Third Judicial Circuit in Madison County, Illinois.

## II.    Costs and Fees

Because a remand is warranted, the Court must reach Murphy's request for an award costs and fees. (Doc. 11, at 4–5). Under 28 U.S.C. § 1447(c), such an award is only proper if "the defendant 'lacked an objectively reasonable basis for seeking removal.'" *Lott v. Pfizer*, 492 F.3d 789, 792 (7th Cir. 2007) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)) A plaintiff is thus entitled to costs and fees on remand only "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal." *Id.* at 793.

First, Murphy argues it was objectively unreasonable for MOHELA to remove this case, citing the existence of diversity jurisdiction, when it is an arm of the state of Missouri rather than a Missouri "citizen." (Doc. 11, at 4). However, as explained above, whether MOHELA is an arm of the state of Missouri for all purposes (including diversity jurisdiction) is far from clearly established. *Supra* note 2. Therefore, it cannot be said that MOHELA lacked an objectively reasonable basis for seeking removal, as it is not settled that MOHELA cannot be a citizen for diversity purposes.

Second, Murphy argues she is entitled to costs and fees because it was objectively unreasonable for MOHELA to wait so long to remove this case. (Doc. 11, at 4). But this argument "conflates the proper procedure for removal with removal jurisdiction. Only an objective absence of the latter can justify an award of costs." *Schmidt v. Walworth County*, 786 F. App'x 65, 67 (7th Cir. 2019) (citation omitted). Because it was not clearly established that removal jurisdiction under 28 U.S.C. § 1441 was absent, the untimeliness

of MOHELA's removal was a mere procedural defect and cannot justify an award of costs and fees under 28 U.S.C. § 1447(c).

## CONCLUSION

For these reasons, the Motion to Remand to State Court (Doc. 11) filed by Plaintiff Shari Murphy is **GRANTED**. Murphy's request for fees and costs is **DENIED**. The Motion to Dismiss filed by Defendant Navient Solutions, LLC is **DENIED as moot**.

This matter is **REMANDED** to the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, for all further proceedings.

**IT IS SO ORDERED.**

DATED:   January 15, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**